Index No: 20 -cv- 4759    (      )(      )

# United States District Court

## EASTERN DISTRICT OF NEW YORK

JOSE LUIS CANALES,

*Plaintiffs*

–v–

**NORWICH SERVICE STATION INC., DALWINDER SINGH, JUAN PARVINA MARTINEZ, AND JOHN AND JANE DOES # 1-10;**

*Defendants,*

# VERIFIED COMPLAINT

CORY H. MORRIS (CM 5225)
THE LAW OFFICES OF CORY H. MORRIS
*Attorney for Jose Luis Canales*
Office & P.O. Address
135 Pinelawn Road, Suite 250s
Melville NY 11747
Phone: (631) 450–2515
FAX:   (631) 223–7377
Email: Cory.H.Morris@protonmail.com

<u>**COMPLAINT**</u>

Plaintiff, JOSE LUIS CANALES (hereinafter, "Plaintiff"), as and for her Complaint against Defendants, **NORWICH SERVICE STATION INC., DALWINDER SINGH, JUAN PARVINA MARTINEZ, AND JOHN AND JANE DOES # 1-10** (hereinafter collectively, "Defendants"), respectfully alleges as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the New York Codes, Rules, and Regulations, Part 142 (hereinafter, the "Regulations"), to recover unpaid overtime compensation, stolen wages, unpaid minimum wages, unpaid spread of hours, and for other relief.

2.      Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

2

5.    Plaintiff was hired and trained by Defendants in 2015, approximately five years ago.

## PARTIES

6.    Plaintiff is a resident of Nassau County, New York.

7.    Defendants are in the automobile service and repair industry.

8.    According to the New York State Department of State, Division of Corporations, Defendant **NORWICH SERVICE STATION INC.,** ("Norwich Service Station") is a New York domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.    Defendant Norwich Service Station designated Defendant DALWINDER SINGH ("SINGH") as its Chief Executive Officer and **NORWICH SERVICE STATION INC.,** 6261 NORTHERN BLVD, EAST NORWICH NEW YORK 11732 as its Principal Executive Office.

10.    Upon information and belief, Defendants **DALWINDER SINGH, JUAN PARVINA MARTINEZ, AND JOHN AND JANE DOES # 1-10** together with Defendants, maintains a corporate office located at 6261 NORTHERN BLVD, EAST NORWICH NEW YORK 11732.

11.    At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

12.    At all relevant times, Defendant NORWICH SERVICE STATION INC., maintained control, oversight, and direction over Plaintiff, including

3

timekeeping, payroll, and other employment practices applied to him.

13.     At all relevant times, Defendant DALWINDER SINGH maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

14.     At all relevant times, Defendant JUAN PARVINA MARTINEZ maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

15.     Upon information and belief, Defendants NORWICH SERVICE STATION INC. and any repair/service operation run, owned or operated by JUAN PARVINA MARTINEZ on the same corporate premises, (hereinafter the "Corporate Defendants") were and are owned, operated, and controlled by Defendant DALWINDER SINGH.

16.     Upon information and belief, the Corporate Defendants were and are part of a single integrated enterprise that jointly employed Plaintiff.

17.     Upon information and belief, the Corporate Defendants' operations were and are interrelated and unified.

18.     Upon information and belief, at all relevant times, the Corporate Defendants shared common management, were centrally controlled, and/or were owned by the Individual Defendant, DALWINDER SINGH.

19.     Upon information and belief, at all relevant times, the Corporate Defendants shared common management, were centrally controlled, and/or were owned by the Individual Defendant, JUAN PARVINA MARTINEZ.

20.     Upon information and belief, at all relevant times, the Corporate Defendants shared employees, equipment, and supplies.

21.     Upon information and belief, at all relevant times, Defendant SINGH was an owner, corporate officer, director, member, and/or managing agent of each Corporate Defendant.

22.     Upon information and belief, at all relevant times, Defendant SINGH exercised operational control over each Corporate Defendant, controlled significant business functions of each Corporate Defendant, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of each Corporate Defendant in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

23.     At all relevant times, Defendant SINGH participated in running the daily operations of each Corporate Defendant and their autobody repair and service shop business.

24.     At all relevant times, Defendant SINGH participated in the management and supervision of Plaintiff and his work for Defendants.

25.     At all relevant times, Defendant SINGH maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

26.     Upon information and belief, at all times relevant, Defendants jointly employed Plaintiff as a laborer, a worker, performing and assisting in

mechanic and autobody repair.

27.     Each Defendant had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

28.     Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

<u>**FACTS**</u>

29.     Plaintiff was employed by Defendants from February 1, 2015 to November 5, 2019.

30.     At all times relevant to this action, Plaintiff was employed as a laborer for the benefit of and at the direction of Defendants at their gas station, service station/autobody repair and car service shop business.

31.     At all times relevant to this action, Plaintiff's primary duties included the regular servicing of automobiles, cleaning and maintaining the shop, moving vehicles, preparing vehicles for repair and the repairing or assistance in the repair of automobiles.

32.     Plaintiff's position was terminated by Defendants on or about November 5, 2019 when Plaintiff was promised monies but never paid them after working for weeks without pay.

33.     Plaintiff was constructively terminated as he was promised, albeit he is owed more, forty-two ($4,200.00) for which Defendants refused to pay him albeit Plaintiff worked for weeks without pay with the understanding that he would be receiving this money.

34.     When Plaintiff worked day shifts for Defendants, hhe would arrive at work at 0700 hours and would work until approximately 1900 hours.

35.     Plaintiff worked for Defendants 0700 to 1900 hours six days a week and only received $750.00 U.S. Dollars a week in compensation.

36.     Plaintiff worked 0700 to 1900 hours for Defendants, six days a week, from Monday to Saturday every week.

37.     Albeit Plaintiff would work approximately twelve hours a day, he was not paid all for all his time for those work hours.

38.     Plaintiff would work over ten (10) hours at Defendants autobody repair and service shop without a break and without appropriate compensation.

39.     Plaintiff would, work over forty (40) hours a week at Defendants' autobody repair and service shop without being paid appropriately for, among other things, overtime work.

40.     Plaintiff was not properly compensated according to New York State and Federal Law.

41.     At all relevant times, Defendant SINGH participated in the management and supervision of Plaintiff and his work for Defendants.

42.     At all relevant times, Defendant JUAN PARVINA MARTINEZ participated in the management and supervision of Plaintiff and his work for Defendants.

43.     Upon information and belief, Defendants failed to keep and maintain time accurate records for the time that Plaintiff worked each day and week.

7

44.     Defendants failed to provide Plaintiff with a notice and acknowledgement of pay rate and payday, or any other form of wage notice, at the time of his hiring, or at any other time thereafter, as required by NYLL § 195(1).

45.     Defendants failed to provide Plaintiff with complete and accurate earnings statements, paystubs, cash receipts, or any other type of complete and accurate wage statement along with his weekly earnings, as required by NYLL § 195(3).

46.     During Plaintiff's employment, Defendants did not pay Plaintiff overtime compensation for any hours that she worked in excess of forty (40) each week.

47.     During Plaintiff's employment, Defendants did not pay Plaintiff at least one and one-half times her regular rate of pay for all hours worked in excess of forty (40) per week.

48.     During Plaintiff's employment, Defendants failed to pay Plaintiff the statutory minimum wage rate for all hours worked.

49.     During Plaintiff's employment, Plaintiff regularly worked in excess of ten (10) hours per day during weeks that she was paid at or below the statutory minimum wage rate.

50.     Despite regularly working in excess of ten (10) hours per day during weeks that he was paid at or below the statutory minimum wage rate, Defendants failed to pay Plaintiff spread of hours compensation at a rate of one (1) extra hour of pay at the statutory minimum wage rate for each day that Plaintiff worked in

8

excess of ten (10) hours.

51.   Defendant SINGH participated in the decision to hire Plaintiff.

52.   Defendant SINGH participated in the decision to fire Plaintiff.

53.   Defendant SINGH participated in the supervision of Plaintiff's duties each day.

54.   Defendant SINGH participated in deciding the job duties that

Plaintiff performed each day.

55.   Defendant SINGH participated in setting Plaintiff's work schedule each week.

56.   Defendant SINGH participated in deciding the hours that Plaintiff

worked each day and week.

57.   Defendant SINGH participated in deciding the manner in which

Plaintiff was paid each week.

58.   Defendant SINGH ran the day-to-day operations of each Corporate

Defendant during Plaintiff's employment.

59.   Defendant JUAN PARVINA MARTINEZ participated in the decision to hire Plaintiff.

60.   Defendant JUAN PARVINA MARTINEZ participated in the decision to fire Plaintiff.

61.   Defendant JUAN PARVINA MARTINEZ participated in the supervision of Plaintiff's duties each day.

62.   Defendant JUAN PARVINA MARTINEZ participated in deciding the

job duties that Plaintiff performed each day.

63.   Defendant JUAN PARVINA MARTINEZ participated in setting

Plaintiff's work schedule each week.

9

64.     Defendant JUAN PARVINA MARTINEZ participated in deciding the hours that Plaintiff worked each day and week.

65.     Defendant JUAN PARVINA MARTINEZ participated in deciding the manner in which Plaintiff was paid each week.

66.     Defendant JUAN PARVINA MARTINEZ ran the day-to-day operations of each Corporate Defendant during Plaintiff's employment.

67.     Defendants managed Plaintiff's employment, including the amount of overtime worked.

68.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

69.     Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which she was entitled under the law.

70.     Defendants were aware of Plaintiff's regular rate of pay but failed to pay her the statutory minimum wage rate to which he was entitled under the law.

71.     Defendants were aware that Plaintiff worked in excess of ten hours on certain days and that her regular rate of pay was below the statutory minimum wage rate, yet failed to pay her the spread of hours compensation to which she was entitled under the law.

72.     Defendants' failure to pay proper wages in a timely manner was made without good faith, willfully, and with a reckless disregard for Plaintiff's rights and Plaintiff has been damaged by such failures.

73.     Upon information and belief, Defendants actions are uniform as to other employees and persons who worked for Defendants but for whom the autobody repair and service shop does not pay their full wages.

**COUNT I**
**VIOLATION OF THE FAIR LABOR**
**STANDARDS ACT 29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO COMPENSATE FOR OVERTIME**

74.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

75.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

76.     Defendants were and are subject to the overtime pay requirements of the FLSA because the Corporate Defendants are enterprises engaged in commerce or in the production of goods for commerce.

77.     At all times relevant to this Complaint, each Corporate Defendant had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who has handled autobody repair and service shop materials, cars, parts, materials and other items that originated outside of the State of New York.

78.     Upon information and belief, the gross annual volume of sales made or business done by each Corporate Defendant for the year 2017 was not less than

$500,000.00.

79.    Upon information and belief, the gross annual volume of sales made or business done by each Corporate Defendant for the year 2018 was not less than $500,000.00.

80.    Upon information and belief, the gross annual volume of sales made or business done by each Corporate Defendant for the year 2019 was not less than $500,000.00.

81.    At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

82.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

83.    By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

84.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

85.    However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

86.    Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

87.     Defendants did not act in good faith with respect to the conduct alleged herein

88.     Upon information and belief, Defendants made representations to the Department of Labor that Jose Luis Canales worked less than he actually did or represented to the Department of Labor that he did not work there at all.

89.     Defendants knew and had reason to know that its actions, not paying Plaintiff for all days she worked, were in violation of New York State and Federal Law.

90.     As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

91.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

92.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

93.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

13

94.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

95.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week for Defendants.

96.     Plaintiff was not exempt from the overtime provisions of the New York Labor Articles, because he did not meet the requirements for any of the reduced number of exemptions available under New York law.

97.     Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

98.     Defendants did not act in good faith with respect to the conduct alleged herein.

99.     As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK

## COUNT III
## VIOLATION OF THE NEW YORK
## LABOR LAW ARTICLE 19
## FAILURE TO PAY MINIMUM WAGES

100.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

101.    At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

102.    Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652.

103.    As a result of Defendants' unlawful practices, Plaintiff suffered a loss of wages.

104.    As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK
## LABOR LAW ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS
## COMPENSATION

105.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

106.    In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay when the spread of

15

hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours during a work week in which he was not paid above the statutory minimum wage rate.

107. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

108. Defendants did make representations to the Department of Labor that contradict schedules and records Defendants produced in the regular course of business.

109. Defendants took active efforts to conceal the true amount of hours that Plaintiff and others similarly situated worked at NORWICH SERVICE STATION INC. or for DALWINDER SINGH, JUAN PARVINA MARTINEZ, AND JOHN AND JANE DOES # 1-10

110. As a result of Defendants' violation of the NYLL and the Regulations pertaining thereto, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT V
## VIOLATION OF THE NEW YORK
## LABOR LAW NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE
## NOTICES

111. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

112. Upon information and belief, Defendants willfully failed to furnish

Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

113.   Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

114.   Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).


## COUNT VI
## VIOLATION OF THE NEW YORK
## LABOR LAW NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE
## STATEMENTS

115.   Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

116.    Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

117.    Defendants did manipulate and misrepresent the hours that Plaintiff, and others similarly situated, actually worked from their reported time in and reported time out using the Micros system.

118.    Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

119.    Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT VII
## FAIR LABOR STANDARDS ACT, NEW YORK STATE and COMMON LAW
## RETALIATION

120.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

18

121.    Plaintiff protested he was not getting paid a fair wage to Defendants.

122.    In fact, before he was constructively discharged, Plaintiff protested that he was not getting paid at all for his work.

123.    Plaintiff's protests to his employer resulted in Plaintiff's termination.

124.    As a result of his protests, Plaintiff has was not paid.

125.    Defendants response to Plaintiff, not paying his wages, as a result of Plaintiff's protests were enough to dissuade other similarly situated employees to not complain of unpaid wages to Defendants.

126.    Defendants further retaliated against Plaintiff by threatening harm, confinement or deportation by various law enforcement agencies should Plaintiff speak out against Defendants' actions.

127.    Due to Defendants' willful violations of New York and Federal, Plaintiff is entitled to money damages, together with costs and attorneys' fees, and seeks declaratory action and equitable relief through the powers of this court to enjoin Defendants from carrying out their threats against Plaintiff.

## COUNT VIII
## CONVERSION

128.    Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

129.    Plaintiff worked for Defendants, inclusive of NORWICH SERVICE

STATION INC., DALWINDER SINGH, JUAN PARVINA MARTINEZ, AND JOHN AND JANE DOES # 1-10, and was promised pay that accrued to $4,200.00 USD.

130. Plaintiff relied on this money to feed his family.

131. Plaintiff received promises from **JUAN PARVINA MARTINEZ** that he would be paid.

132. Plaintiff kept working at **JUAN PARVINA MARTINEZ** direction with the understanding that he would be compensated for his time but was not.

133. After not being paid albeit promised by Mr. Martinez that Plaintiff would receive compensation amounting to over four-thousand dollars, forty-two hundred ($4,200) specifically, Plaintiff came to understand that **JUAN PARVINA MARTINEZ** wished for Plaintiff to work but did not wish to pay him.

134. NORWICH SERVICE STATION INC., DALWINDER SINGH, JUAN PARVINA MARTINEZ, AND JOHN AND JANE DOES # 1-10 did refuse to pay Plaintiff forty-two hundred ($4,200.00) dollars for labor that was neither taxed nor or accounted for the overtime violations detailed above.

135. Defendants stole $4,200.00 USD from Plaintiff.

136. NORWICH SERVICE STATION INC., DALWINDER SINGH, JUAN PARVINA MARTINEZ, AND JOHN AND JANE DOES # 1-10 individually or collectively did threaten Plaintiff with, among other things, the use of law enforcement to harm him, remove him from his home if not from this

country should he ever protest the above theft of money.

137.   NORWICH SERVICE STATION INC., DALWINDER SINGH, JUAN PARVINA MARTINEZ, AND JOHN AND JANE DOES # 1-10 did engage in, among other things, threats by use of force or government authority to steal such monies from Plaintiff and to silence Plaintiff from protesting to the local authorities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Cory H. Morris, P.C., (The Law Offices of Cory H. Morris) demand judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.   Declare and find that Defendants committed one or more of the following acts:

   1.   Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

   2.   Willfully violated the provisions of the FLSA;

   3.   Violated the provisions of the NYLL by failing to pay overtime compensation, minimum wages, and spread of hours compensation to Plaintiff;

   4.   Willfully violated the applicable provisions of the NYLL;

   5.   Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

      6.     Violated provisions of the FLSA by failing to pay overtime compensation to others similarly situated to Plaintiffs; and

      7.     Stole monies, converted money, from the Plaintiff.

B.     Award compensatory damages, including all overtime compensation, minimum wages, and spread of hours compensation owed, in an amount according to proof;

C.     Award liquidated damages under the NYLL, or alternatively the FLSA;

D.     Award statutory damages under the NYLL;

E.     Award interest on all NYLL overtime compensation, minimum wages, and spread of hours compensation due accruing from the date such amounts were due;

F.     Award all costs and attorneys' fees incurred in prosecuting this action; and

G.     Provide such further relief as the Court deems just and equitable.

DATED AT   Melville, New York
October 5 2020

_____

CORY H. MORRIS (CM 5225)
THE LAW OFFICES OF CORY H. MORRIS
*Attorney for the Plaintiff*
Office & P.O. Address
135 Pinelawn Road, Suite 250s
Melville, New York 11747
Phone: (631) 450–2515
FAX: (631) 223–7377
email Cory.H.Morris@protonmail.com

**FAIR LABOR STANDARDS ACT- CONSENTIMIENTO/CONSENT FORM**

Doy mi consentimiento para ser parte demandante en una demanda contra **NORWICH SERVICE STATION INC., DALWINDER SINGH, JUAN PARVINA MARTINEZ, AND JOHN AND JANE DOES # 1-10.** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, *(Ley de las Normas Laborales Justas)* de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Cory H. Morris, P.C. (Law Offices of Cory H. Morris)  para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against  **NORWICH SERVICE STATION INC., DALWINDER SINGH, JUAN PARVINA MARTINEZ, AND JOHN AND JANE DOES # 1-10** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate  Cory H. Morris, P.C. (Law Offices of Cory H. Morris) to represent me in such a lawsuit.

Dated: September 22, 2020

Jose Luis Canales

## FAIR LABOR STANDARDS ACT – CONSENT FORM

1.      I, consent to be a party plaintiff in a lawsuit against  **NORWICH SERVICE STATION INC., DALWINDER SINGH, JUAN PARVINA MARTINEZ, AND JOHN AND JANE DOES # 1-10** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.      This verification is made on behalf of Plaintiff after reviewing the above verified complaint.

3.      I have read the foregoing and know the contents thereof, and the same are true to my knowledge, information, and belief.

4.      I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct except to matters stated to be known upon information and belief.

5.      I hereby designate Cory H. Morris, P.C. to represent me in such a lawsuit.


                        Dated:   October 5, 2020



Name: _____
            Jose Luis Canales