```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSE LUIS CANALES,

                        Plaintiff,                                  MEMORANDUM DECISION
                                                                    AND ORDER

            -against-                                               20-CV-4759(JMW)

NORWICH SERVICE STATION INC.,
DALWINDER SINGH, JUAN PARVINA
MARTINEZ and JOHN AND JANE DOE #1-10,

                        Defendants.
-------------------------------------------------------------X
```

**WICKS,** Magistrate Judge:

## I.   BACKGROUND

This action, brought pursuant to the Fair Labor Standards Act, *see* 29 U.S.C. §§ 201 *et seq*. ("FLSA") and the New York Labor Law ("NYLL"), arises out of alleged wage violations that occurred from February 1, 2015 through November 5, 2019, while plaintiff was employed as a laborer at Defendants' gas station/service station/autobody repair and car service shop.  (DE 1.)   Plaintiff claims that Defendants failed to compensate him for overtime in violation of the FLSA and NYLL, failed to pay him minimum wage in violation of the NYLL, failed to pay him spread of hours compensation in violation of the NYLL, and failed to provide wage and notice statements in violation of NYLL.  (*Id*.) Plaintiff also asserted claims of retaliation under the FLSA and conversion.  (*Id*.)  Defendants denied each of these allegations. [1]  (DE 11.)  Defendants also assert that Plaintiff's true employer joined Norwich Service Station at a later time.  (DE 24-1 at 1.)  After extensive negotiations and three settlement conferences before the undersigned, the parties agreed to settle for $30,000, including attorney's fees.

---

[1] Although the docket entry for Defendants' Amended Answer states there is a counterclaim, the Court notes that the Amended Answer does not contain a counterclaim.  (DE 11.)

1

(DE 24-1.) The parties now move, in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), for approval of the parties' settlement agreement. [2]

## II. STANDARD FOR APPROVING FLSA SETTLEMENTS

Federal Rule of Civil Procedure 41 provides, in relevant part, that:

> Subject to . . . any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer of a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). In *Cheeks*, the Second Circuit held that the FLSA is an "applicable federal statute" under Rule 41 because of "the unique policy considerations underlying" the act. 796 F.3d at 206. Such considerations include the laudable aim of "'extend[ing] the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'" *Id*. (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). Accordingly, in this Circuit, Rule 41's "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Id*.

"Generally, if the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved" by the reviewing court. *Ceesae v. TT's Car Wash Corp.*, 17 CV 291 (ARR) (LB), 2018 WL 1767866, at *2 (E.D.N.Y. Jan. 3, 2018) (internal quotation marks and citation omitted). In reviewing the reasonableness of the proposed settlement, courts consider the totality of the circumstances, including relevant factors such as:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

---

[2] Although Plaintiff submitted the present motion, the Court construes the motion as a joint application of both parties. (DE 24.) The Court denied the initial motion for settlement approval (DE 21) without prejudice, for failure to provide the Court with adequate information to perform a proper *Cheeks* review.

*Wolinsky v. Scholastic Inc.*¸ 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citations omitted). Factors weighing against settlement approval include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Id*. (internal quotation marks and citations omitted).

Even if an application of the *Wolinsky* factors demonstrates that the agreement is reasonable, the court must also consider whether the settlement "complies with the Second Circuit's admonitions as articulated in *Cheeks*." *Ezpino v. CDL Underground Specialists, Inc.*, 14-CV-3173 (DRH) (SIL), 2017 WL 3037483, at *1 (E.D.N.Y. June 30, 2017) (citation omitted), *report and recommendation adopted by* 2017 WL 3037406 (E.D.N.Y July 17, 2017). Specifically, courts should guard against "highly restrictive confidentiality provisions," overbroad releases that "would waive practically any possible claim against the defendants, including unknown claim and claims that have no relationship whatsoever to wage-and-hour issues," and "a[ny] provision that would set the fee for plaintiff's attorney . . . without adequate documentation." *Cheeks*, 796 F.3d at 206 (citation omitted). Related to the final admonition, courts must also ensure that any attorney's fees provided for in the agreement are reasonable. *See* 29 U.S.C. § 216(b) ("The Court . . . *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a *reasonable* attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added); *see also Ceesae*, 2018 6 WL 1767866 at *2 (noting that courts engaging in a *Cheeks* review must "evaluate[] the reasonableness of any attorney's fees included in the proposed settlement") (citing 29 U.S.C. § 216(b)).

### III. DISCUSSION

*Settlement Agreement*

Nearly a year after Plaintiff commenced this action against Defendants, and after three settlement conferences with the undersigned, the parties achieved a proposed resolution. To that effect, the parties filed an executed joint settlement letter and an executed stipulation of dismissal on August 26, 2021.[3] (DE 21-2; DE 24-1.) The parties stipulated that all claims in this suit would be discontinued with prejudice. (DE 21-2) If approved, Defendants would pay, in exchange for dismissal of this suit, $30,000.00 to compensate Plaintiff. (DE 24-1 at 2) Plaintiff's counsel would receive $10,000—one-third of the settlement—which includes all costs incurred by Plaintiff to date (*Id*. at 5.) For the reasons set forth below, the Court finds that these terms are acceptable.

Reasonableness

Having reviewed the parties' submission, which consists of the executed settlement letter, Plaintiff's counsel's timesheets, and a proposed stipulation of discontinuance with prejudice, the Court finds that the five *Wolinsky* factors weigh in favor of approval.

*First*, the settlement agreement provides for a total payment of $30,000, approximately two-thirds of which will be paid to Plaintiff as compensation for the alleged wage theft, unpaid wages, and retaliation. (DE 24-1 at 1-3.) Plaintiff initially claimed that he was owed $22,360 for 2017, $19,136 for 2018, and $15,912 for 2019, totaling $57,408, exclusive of statutory, punitive and liquidated damages. (DE 24-1 at 3-4.) In reaching this settlement, Plaintiff acknowledges that there are several issues that could adversely affect his potential to recover, including lack of supporting documents and Defendants' ability to pay alleged unpaid wages. Further, Plaintiff notes that he had reported Defendants to authorities and seeks to resolve this matter expeditiously to avoid "threat of reprisal." (*Id.* at 4.) The Court finds that

---

[3] The parties executed the Settlement Letter to the Court, but did not execute a separate Settlement Agreement document.

payment of $20,000 to Plaintiff, which is approximately 35% of Plaintiff's total alleged minimum wage/overtime owed, is reasonable. *See, e.g.*, *Santos v. YMY Mgmt. Corp.*, 20 Civ. 1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement amount equal to approximately 39% of Plaintiff's total alleged minimum wage/overtime owed); *Gervacio v. ARJ Landry Services Inc.*, 17-cv-9632(AJN), 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (finding that a settlement amount of less than half of the base damages that the plaintiff claimed she was entitled to was reasonable).

*Second*, settlement allows the parties to avoid extensive litigation and the inevitable burdens and expenses in preparing the parties' claims and defenses. Additional time spent conducting discovery, drafting documents, researching issues, and maintaining communications with opposing counsel would undoubtedly generate greater expenses and delay resolution of this matter.

*Third*, settlement is a means of avoiding significant litigation risks. Here, there exists a *bona fide* dispute between the parties. Given the nature of this FLSA claim, Plaintiff's allegations, Defendants' answer, and the lack of documentary evidence on both sides, there exist material facts within the case. Specifically, whether or not Plaintiff was paid the correct amount and whether it was for the correct number of hours worked, and existence or lack thereof of documents to support either side's contentions. Further, as discussed during the settlement conferences, Defendants claim they are facing severe financial difficulties and if they were to declare bankruptcy, Plaintiff's potential recovery would be substantially impacted. (DE 24-1 at 4.) The parties acknowledge that the costs of litigation could easily subsume the settlement amount. (*Id.* at 5.) Settlement, therefore, is an effective vehicle to avoid the significant risks and costs in litigating this matter.

*Fourth*, the parties clearly engaged in arms-length bargaining in achieving the settlement agreement as they enthusiastically participated in three settlement conferences within three months, with the undersigned. (DE 6/21/2021; 7/12/2021; 8/16/2021.) As a result of this active negotiation, the parties settled on August 16, 2021. (DE 8/16/2021.) Accordingly, these continuous communications and negotiations amongst the parties, both before the undersigned and outside of Court, demonstrate that the settlement agreement is the product of arms-length bargaining.

*Fifth*, there is no indication that the settlement is a product of fraud, coercion, or collusion.

Moreover, the *Wolinsky* factors that weigh against settlement do not compel a rejection of the proposed settlement in this case. First, there is no indication that there are others similarly situated to Plaintiff. Second, given the accumulated expenses, resources, and hours spent during discovery and the settlement process, it is likely Defendant will be deterred from violating the FLSA—as alleged by Plaintiff—in the future. As Plaintiff no longer works for Defendants, his circumstances will obviously not recur. Although an argument could be made that maturation of this record could lead to further legal development in FLSA cases, this factor alone does not require the Court to reject the proposed settlement agreement.

Finally, the proposed settlement does not contain any of the problematic provisions outlined in *Cheeks*. The settlement agreement does not contain a confidentiality provision, and as discussed more fully below, Plaintiff's counsel has provided the Court with documentation supporting the proposed attorney's fees, which the Court finds are fair and reasonable.

### *Attorney's Fees*

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016) (citation omitted). Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases. *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 12, 2014) (citing *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 CV 3234, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013)); *see also Fischer v. SD Protection Inc.*, 948 F.3d 593, 602 n.8 (2d Cir. 2020) (citing cases); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate").

Even where fees are reasonable when analyzed under the percentage method, courts will additionally perform a lodestar "cross-check" and "compare the fees generated by the percentage method with those generated by the lodestar method." *Mobley v. Five Gems Mgmt. Corp.*, 17 Civ. 9448 (KPF),

2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018) (citations omitted). "[W]here [the lodestar method is] used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court. Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000); *see also In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 388–89 (S.D.N.Y. 2013) ("Because the lodestar is being used merely as a cross-check, it is unnecessary for the Court to delve into each hour of work that was performed by counsel to ascertain whether the number of hours reportedly expended was reasonable.") (quoting *In re IPO Sec. Litig.*, 671 F. Supp. 2d 467, 506 (S.D.N.Y. 2009)).

Here, Plaintiff's counsel requested $10,000 out of the $30,000 settlement and submitted timesheets conveying the attorney's billing rate, the paralegal's billing rate, the description of services, and the hours worked. (DE 24-1, 5; DE 21, 2; DE 21-1) The $10,000 includes the attorney's fees and costs incurred during the litigation. (*Id*. at 2.) Defendants take no position with respect to Plaintiff's application for attorney's fees and costs. (*Id*.) Therefore, given this Circuit's reliance on the one-third contingency fee standard, Plaintiff's counsels' request is reasonable under the percentage method.

"[E]ven when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorney's fees." *Navarro Zavala v. Trece Corp.*, No. 18-CV-1382 (ER), 2020 WL 728802, at *2 (S.D.N.Y. Feb. 13, 2020) (quotation and citation omitted). In utilizing the lodestar approach, courts multiply a reasonable amount of hours spent on a case by an attorney's reasonable hourly rate. *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

Here, Plaintiff's counsel billed a total of 27.8 hours (a reasonable amount of hours considering the length of discovery, negotiations, and active communications) at an hourly rate of $500.00, for a total of $34,900.00. The $500.00 rate has been held to be a reasonable hourly rate for similarly experienced attorneys. [4] *See Redzepagic v. Hammer*, 14-CV-9808 (ER), 2017 WL 1951865, at *2 n.2 (S.D.N.Y. May

---

[4] Plaintiff's Counsel, Cory H. Morris, is the named partner of the Law Offices of Cory H. Morris.

7

8, 2017) (approving named partner's billing rate of $500.00 per hour).  A paralegal at Plaintiff's office billed .50 hours on this matter, at an hourly rate of $275.00, totaling $137.50.  The total lodestar amount is therefore $14,037.50.  Based on this sum, the Court finds the requested attorney's fees of $10,000.00 to be objectively reasonable.

## IV.     CONCLUSION

Based on the foregoing, Plaintiff's motion for approval of the settlement agreement is GRANTED. Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE, in their entirety.   The parties shall file a Stipulation of Dismissal with Prejudice on or before December 29, 2021, and the Court will direct the Clerk's Office to close this case thereafter.


Dated:  Central Islip, New York
        December 3, 2021


                                                    S O   O R D E R E D:
                                                    /S/ *James M. Wicks*
                                                    JAMES M. WICKS
                                                    United States Magistrate Judge